# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                               Case No. 15-20102-JAR

CHRISTOPHER R. KEMP,

     Defendant.

## MEMORANDUM AND ORDER

Defendant Christopher R. Kemp is charged in a Superseding Indictment with making, possessing, and obtaining, as an "inmate of a prison," a prohibited object that was designed and intended to be used as a weapon, in violation of 18 U.S.C. § 1791(a).  This matter comes before the Court on Defendant's Motion to Dismiss Indictment (Doc. 14), filed on May 2, 2016.  On June 1, 2016, the Court held a hearing on Defendant's motion and granted leave to the parties to file supplemental briefing.  Defendant filed his supplemental brief on June 17, 2016, and the Government filed its supplemental brief on July 8, 2016.  The motion is now fully briefed and the Court is prepared to rule.  For the reasons stated below, the Court denies Defendant's motion.

## I.    Leavenworth Detention Center

At the time of the conduct charged in this case, Defendant was an inmate at the Corrections Corporation of America ("CCA") United States Marshals Service ("USMS") Leavenworth Detention Center (hereinafter "CCA Leavenworth") pending charges in another case in this District.[1]  CCA Leavenworth contracts with the Office of the Federal Detention Trustee ("OFDT") (acting on behalf of the USMS), as well as Wyandotte County, to house their

---

[1] *See United States v. Kemp*, Case No. 14-20131-CM.

pretrial detainees.  The OFDT enters into contracts for the housing of federal inmates pursuant to a delegation of procurement powers by the Assistant Attorney General for Administration.[2] These delegated powers are otherwise reserved for the Attorney General.[3]  The USMS and the OFDT are both arms of the Department of Justice and are both managed by the Attorney General.[4]  Scott Stermer, the Assistant Detention Trustee of Detention Bed Space Acquisitions and Contracts Division of the OFDT, signed the CCA Leavenworth contract on January 1, 2007.[5] The OFDT renewed the CCA Leavenworth contract on January 1, 2012, for 60 months.[6]

## II.    Discussion

Section 1791 provides that "Whoever . . . being an inmate of a prison, makes, possesses, or obtains or attempts to make or obtain, a prohibited object[] shall be punished as provided in subsection (b) of this section."[7]  Section 1791 defines "prison" as "a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General."[8]  The

---

[2]Doc. 21, Exs. B & C (delegating procurement powers to the OFDT).

[3]Department of Justice Appropriations Act of 2001, Pub. L. No. 106-553, § 119 ("the Attorney General hereafter may enter into contracts and other agreements, of any reasonable duration, for detention or incarceration space or facilities, including related services, on any reasonable basis"); *see* 18 U.S.C. § 4013(a):

> The Attorney General, in support of United States prisoners in non-Federal institutions, is authorized to make payments from funds appropriated for Federal prisoner detention for . . . the housing, care, and security of persons held in custody of a United States marshal pursuant to Federal law under agreements with State or local units of government or contracts with private entities.

[4]28 U.S.C. § 561(a) ("There is hereby established a United States Marshals Service as a bureau within the Department of Justice under the authority and direction of the Attorney General."); Department of Justice Appropriations Act of 2001, Publ L. No. 106-553, Title I (authorizing appropriations for establishment of  the Federal Detention Trustee within the  Department of Justice, "who shall exercise all power and functions authorized by law relating to the detention of Federal prisoners in non-Federal institutions or otherwise in the custody of the United States Marshals Service"); 28 C.F.R. § 0.123 ("The Office of the Federal Detention Trustee shall be headed by a Detention trustee appointed by the Attorney General.").

[5]Doc. 17, Ex. 1 at 1–2.

[6]*Id.*

[7]18 U.S.C. § 1791(a)(2).

[8]18 U.S.C. § 1791(d)(4).

definition of "prison" was expanded to include "any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General" by an amendment in 2006.[9]

Defendant argues for dismissal of the Indictment because CCA Leavenworth does not fall within the definition of "prison" in § 1791.  In his original motion to dismiss, Defendant argued that CCA Leavenworth is not a prison under § 1791 because it is not a "Federal correctional, detention, or penal facility."  The Government responded by arguing that CCA Leavenworth is a prison under § 1791 not because of its status as a "Federal detention facility," but because people are held there "by direction of or pursuant to a contract or agreement with the Attorney General." The Government also filed a Superseding Indictment, which removed any reference to CCA Leavenworth as a "Federal detention center."[10]  Because the Government does not argue that CCA Leavenworth qualifies as a "Federal correction facility," the Court turns to whether CCA Leavenworth is a prison under § 1791 because people are held there at the direction of or pursuant to a contract with the Attorney General.

As explained above, the OFDT entered into the contract with CCA Leavenworth pursuant to procurement powers that the Office of the Attorney General delegated to the OFDT.  Further, the OFDT and USMS are arms of the Department of Justice and operate at the direction of the Attorney General.  Therefore, the Court finds that CCA Leavenworth is a "prison" for the purposes of § 1791.  Defendant makes several arguments as to why CCA Leavenworth does not meet this definition of "prison."  Although the Court finds Defendant's arguments unpersuasive, the Court addresses each in turn.

---

[9]Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. No. 109-162, Title XI, § 1178, Jan. 5, 2006.

[10]Doc. 22.

First, Defendant argues that he was not held at the direction of or pursuant to a contract with the Attorney General.  Rather, he was held at the direction of the USMS or OFDT, which he contends are entities separate from the Office of the Attorney General for purposes of § 1791.[11] Even assuming that a distinction exists between persons held by direction of the Attorney General and those held by direction of the USMS or OFDT, such a distinction is not meaningful for purposes of § 1791.  As Defendant states in his motion, Congress has authorized the Attorney General to delegate responsibility for the safe-keeping of pre-trial detainees to the USMS.[12]  The OFDT entered into the contract with CCA Leavenworth for the benefit of the USMS holding pre-trial detainees there.  Thus, persons held by the USMS at CCA Leavenworth are held by direction of the Attorney General.  Defendant also argues that unlike other federal criminal statutes relevant to inmates, § 1791 refers only to persons held at the direction of the Attorney General, rather than at the direction of "the Attorney General *or his authorized representative*."[13] According to Defendant, the absence of the "authorized representative" language indicates that Congress did not intend for the definition of "prison" in § 1791 to encompass contracts made by the USMS, OFDT, or other authorized representatives of the Attorney General.[14]  The Court cannot find that the absence of the "authorized representative" language prevents the Attorney General from delegating procurement powers under § 1791.  Congress has authorized the Attorney General to delegate responsibility for the safekeeping of pre-trial detainees to the

---

[11]Doc. 17 at 5; Doc. 28 at 9.

[12]18 U.S.C. § 4013; Doc. 17 at 6.

[13]*See* 18 U.S.C. § 751(a) (setting forth offense of "escape from the custody of the Attorney General *or his authorized representative*") (emphasis added); 18 U.S.C. § 2241 (setting forth offense of sexual assault against a person in a "prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with *the head of any Federal department or agency*") (emphasis added).

[14]Doc. 28 at 7–9.

USMS,[15] and nothing in § 1791 appears to prevent the Attorney General from exercising that delegation authority.  Without express language in the statute stating that the Attorney General herself must procure detention facility contracts, the Court finds that the Assistant Attorney General's delegation of these powers to the OFDT and the USMS indicates that inmates at CCA Leavenworth are held "at the direction of" the Attorney General.

Second, Defendant argues that Supreme Court precedent related to *Bivens* actions indicates that the limits of federal jurisdiction prevent § 1791 from applying to privately run institutions such as CCA Leavenworth.  In support of this argument, Defendant cites *Minneci v. Pollard*,[16] in which the Supreme Court held that an inmate at a federal facility operated by a private company could not maintain an Eighth Amendment *Bivens* action against employees at the facility.[17]  The Court emphasized that the employees at the facility were private employees, and thus state tort law provided an adequate alternative remedy.[18]  Defendant argues that if the Court finds that CCA Leavenworth is a "prison" under § 1791, the Court will "blur[] the distinction the Supreme Court has made between federal, state, and private actors."  The Court recognizes that a line exists between federal actors, who may be the subject of *Bivens* actions, and private actors, who are generally not subject to *Bivens* suits.[19]  But here, the focus is not on the status of employees at CCA Leavenworth, but on the status of the facility and the inmates who are held there at the direction of the Attorney General.  Where, as here, a defendant is held

---

[15] 18 U.S.C. § 4013.

[16] 132 S. Ct. 617 (2012).

[17] *Id.* at 626.

[18] *Id.* at 623–26.

[19] *Id.*; *see Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70–74 (2001); *Peoples v. CCA Detention Ctrs.*, 422 F.3d 1090, 1103 (10th Cir. 2005) (holding that court would not imply a *Bivens* cause of action for a prisoner held in a private prison facility); *but see DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 720 (10th Cir. 1988) (noting split of authority regarding whether a *Bivens* claim may be stated against private party defendants).

at the direction of or pursuant to a contract with the Attorney General, the defendant is an inmate of a prison under § 1791, regardless of whether the defendant can maintain a *Bivens* action against a private employee at the facility.

Third, Defendant argues that a definition of "prison" under § 1791 that includes any facility where an inmate is held at the direction of or by contract with the Attorney General would "turn every county jail in America into an institution in which the federal government can assert federal jurisdiction and prosecute individuals for contraband offenses." Defendant contends that such an interpretation would insert ambiguity into the statute, would violate basic principles of federalism, and would create a new contraband offense against state prison inmates that violates Tenth Amendment principles of state sovereignty. These arguments rely on the notion that the term "prison" in § 1791 applies to all inmates in a given institution. However, the definition of the term "prison" confines the statute to only those who provide contraband to or possess contraband as "persons held in custody by direction of or pursuant to a contract or agreement with the Attorney General."[20] The statute does not apply to inmates in state or private detention facilities who face only state charges.[21] This approach is consistent with courts that have interpreted § 1791 after the 2006 amendment to the definition of "prison" and other statutes that turn on whether an inmate is held by direction of the Attorney General or her

---

[20]*See* 18 U.S.C. § 1791(d)(4).

[21]Although § 1791 does not define the term "inmate," Defendant points the Court to 28 C.F.R. § 500.1, which provides definitions relevant to the Bureau of Prisons. Section 500.1(c) defines "inmate" as "all persons in the custody of the Federal Bureau of Prisons or Bureau contract facilities, including persons charged with or convicted of offenses against the United States." The Court is not convinced that this is the relevant definition for the term "inmate" in § 1791. However, even if it is, it demonstrates that § 1791 applies only to those who are in Bureau of Prisons or Bureau contract facilities, or "*persons charged with or convicted of offenses against the United States*." Thus, the term "inmate" does not apply to persons charged with purely state offenses who are held in state, local or private facilities.

representatives.[22]  Therefore, the Court finds that the application of § 1791 to Defendant does not create ambiguity in the statute, violate basic federalism principles, or create a new contraband offense that violates Tenth Amendment principles of state sovereignty.

Fourth, Defendant argues that application of § 1791 to federal inmates held at CCA Leavenworth would render the statute void for vagueness.  "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."[23]  A party can demonstrate facial vagueness by showing that the challenged law would be vague in the vast majority of its applications, or can bring an as-applied vagueness challenge by showing that the statute "fails to put a defendant on notice that his conduct was criminal."[24]  Defendant contends that § 1791 is facially vague because the term "prison" is not limited to only federal inmates.  However, as explained above, the Court finds that the term "prison" is limited to persons in federal detention facilities and those held at the direction of or pursuant to a contract with the Attorney General.  Thus, the Court finds that § 1791 is not facially vague.

---

[22]*United States v. Blake*, 228 F. App'x 791, 795–96 (3d Cir. 2008) (holding that rational jury could have found that defendant was an "inmate of a prison" for § 1791 purposes, where defendant was held at a local facility pending federal charges pursuant to an agreement between the facility and United States); *United States v. Bush*, No. 07-00072-CG, 2007 WL 3026947 (S.D. Ala. Oct. 15, 2007) (finding that defendant, a "federal inmate" being held at at a local jail, was an inmate of a "prison" under the amended definition of § 1791); *United States v. Depew*, 977 F.2d 1412, 1414 (10th Cir. 1992) (summarizing cases in which courts have held that a defendant serving a federal prison sentence in a state penitentiary under the direction of the Attorney General is subject to conviction under statute criminalizing escape from "any institution or facility in which he is confined by direction of the Attorney General").

[23]*United States v. Corrow*, 119 F.3d 796, 802 (10th Cir. 1997) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)).

[24]*Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1157 (10th Cir. 2006) (quoting *City of Chicago v. Morales*, 527 U.S. 41, 55 (1999)); *Galbreath v. City of Okla. City*, 568 F. App'x 534, 540 (10th Cir. 2014) (quoting *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2012)).

Defendant also argues that the statute is vague because it does not provide notice to detainees as to the role of the Attorney General under the statute.  Defendant cites 18 U.S.C. § 4042, which provides that

> [t]he Bureau of Prisons, under the direction of the Attorney General, shall (1) have charge of the management and regulation of all Federal penal and correctional institutions; and (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise.[25]

By contrast, Defendant notes that the Government has contracted out these duties to CCA Leavenworth in this case.  Thus, Defendant argues that it is unclear whether he is being held at a facility subject to federal prosecution under 18 U.S.C. § 1791, or whether he is "under the management and control of a non-federal private corporation."[26]  Defendant's argument regarding the supposed delegation by the Attorney General of "management and regulation" duties to CCA Leavenworth does not resolve the issue of whether Defendant was an inmate of a "prison" under § 1791.  Under § 1791, the inquiry is whether Defendant was held at CCA Leavenworth "by direction of or pursuant to a contract or agreement with the Attorney General," not whether the Attorney General delegated responsibilities under 18 U.S.C. § 4042.[27]  The role of the Attorney General under § 1791 is clear, in that she is responsible for contracting for housing and directing the placement of inmates pending federal charges—or delegating that authority to an authorized representative, such as the OFDT or USMS.  Accordingly, the Court finds that the statute is not void for vagueness.

---

[25] 18 U.S.C. § 4042.

[26] Doc. 28 at 23.

[27] The Court is not convinced that by contracting for housing services with CCA Leavenworth, the Attorney General has also contracted out her duties under § 4042 to oversee the "management and regulation of all Federal penal and correctional institutions."  *See* Doc. 21, Ex. B (explaining that pursuant to delegation of procurement authority by Attorney General, OFDT "must establish and maintain an acquisition program sufficient to assure quality, efficiency, and responsiveness to program needs as well as compliance with applicable policies, regulations and statutes").  Regardless, this is not the proper inquiry for the determination of whether Defendant qualifies as an "inmate of a prison" under § 1791.

Finally, Defendant argues that the rule of lenity should apply, and thus the Court should not interpret the term "prison" in § 1791 in a way that would disfavor him.  The rule of lenity "requires that unclear penal statutes must be construed in favor of the accused."[28]  However, in the absence of ambiguity, the rule of lenity may not be applied.[29]  The Court has found above that the term "prison" in § 1791 unambiguously refers to facilities in which persons are held pursuant to an agreement with the OFDT or USMS, agencies which act at the direction of the Attorney General.  The rule of lenity does not apply to this case.  Therefore, the Court denies Defendant's motion to dismiss.

## III.    Conclusion

Section 1791 provides that the term "prison" includes any "facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General."  Here, the OFDT, an arm of the Department of Justice, contracted with CCA Leavenworth on behalf of the USMS pursuant to a valid delegation of authority by the Attorney General.  Thus, as an inmate at CCA Leavenworth, Defendant was an "inmate of a prison" under § 1791.  Defendant argues that such a finding blurs the lines between federal and state jurisdiction, inserts ambiguity into § 1791, violates basic federalism principles, and creates vagueness issues.  However, because § 1791 applies only to persons held at the direction of or pursuant to a contract with the United States Attorney General, the statute does not apply to inmates facing only state or local charges who are held in local, state, or private facilities.  Therefore, the Court finds that the application of § 1791 to Defendant does not implicate the

---

[28]*United States v. Fillman*, 162 F.3d 1055, 1058 (10th Cir. 1998) (quoting *Mahn v. Gunter*, 978 F.2d 599, 601 (10th Cir. 1992)).

[29]*Barber v. Thomas*, 560 U.S. 474, 488 (2010) (quoting *Muscarello v. United States*, 524 U.S. 125, 139 (1998) ("[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty in the statute'"); *United States v. Oxx*, 127 F.3d 1277, 1280 (10th Cir. 1997) (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)); *Fillman*, 162 F.3d at 1058.

concerns that he raises.  Defendant also argues for application of the rule of lenity.  But because

§ 1791 is not ambiguous, the rule of lenity does not apply.  Accordingly, the Court denies

Defendant's motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Christopher R. Kemp's

Motion to Dismiss Indictment (Doc. 14) is **denied**.

**IT IS SO ORDERED.**

Dated: July 29, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
